UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

JAMES TUCKER,
               Appellant,

       v.

DEPARTMENT OF THE AIR FORCE,
               Agency.

DOCKET NUMBER
DE-4324-22-0298-I-1

DATE: March 17, 2025

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

James Tucker, Omaha, Nebraska, pro se

Rachel Palacios, Esquire, Ray Shackelford, and Matthew Mackey, Esquire, Joint Base Andrews, Maryland, for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
Cathy A. Harris, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which denied corrective action in his appeal under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) (codified as amended at 38 U.S.C. §§ 4301-4335), challenging his nonselection for a GS-13

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

Attorney-Advisor position.[2]  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

On review, the appellant argues, among other things, that two of the three members of the interview panel, specifically, M.B. and K.M., expressed a preference for civilian candidates and failed to properly weigh candidates' military experience.  Petition for Review (PFR) File, Tab 5 at 15-24.  Even assuming that this is true, a witness who testified on the appellant's behalf, Jonathan Dowling, a Commander in the Department of the Navy, was the third

---

[2] The appellant filed his petition for review on July 5, 2023, almost 2 months after the May 18, 2023 deadline contained in the initial decision.  Initial Appeal File, Tab 30, Initial Decision at 12; Petition for Review (PFR) File, Tab 5.  On review, the appellant argues that his petition for review is timely filed because, under the tolling provision of the Servicemembers Civil Relief Act of 2003 (SCRA), the deadline to file his petition for review was tolled until he was discharged from active duty, i.e., June 2, 2023, and he filed his petition for review within 35 days of that date.  PFR File, Tab 5 at 5, Tab 9. The Board has held, under the SCRA, that military service automatically tolls the filing period while the appellant is on active duty, and the appellant "need not show that the circumstances of his military service actually impaired his ability to pursue his legal rights in a timely fashion."  *Neighoff v. Department of Homeland Security*, 122 M.S.P.R. 86, ¶ 10 (2015), quoting *Henry v. U.S. Postal Service*, 69 M.S.P.R. 555, 558 (1996).  Accordingly, we find that the appellant timely filed his petition for review.

member of the panel and did not rank the appellant as his top candidate. Initial Appeal File (IAF), Tab 6 at 28; Tab 23 (testimony of Dowling). Commander Dowling ranked the appellant as the third-best candidate, recommending that he be the second alternate choice. IAF, Tab 6 at 28, Tab 9 at 57-59. Commander Dowling also admitted that any improprieties in the selection process "did not impact . . . the [agency's number one] choice."[3] IAF, Tab 17 at 18. Accordingly, we discern no basis to disturb the findings that the appellant did not establish that his military service was a motivating factor in the agency's decision not to select him, and even if he did, the agency demonstrated that it would have made the same selection regardless. *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (stating that the Board will not disturb an administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

Finally, separate from the appellant's petition for review, Commander Dowling has filed a second motion to intervene, reiterating the arguments he made in his first motion to intervene, specifically, that the initial decision has a direct effect on him because it undermines his credibility,

---

[3] On review, the appellant submitted an email from the agency's Director of Logistics stating that, on August 2, 2022, M.B. said "[l]esson learned, do not hire reservists!" PFR File, Tab 5 at 23-24, 137. As an initial matter, the Board does not condone discrimination against individuals who served or are serving in the military. However, an email that contains unsworn, uncorroborated hearsay is entitled to little evidentiary weight. *Jones v. Department of the Interior*, 97 M.S.P.R. 282, ¶ 10 (finding that the appellant's unsworn, uncorroborated statement containing hearsay was entitled to little weight). Regardless, even assuming that M.B. made this comment, it does not impact our analysis that the appellant's military experience was not a motivating factor in the agency's decision not to select him. Accordingly, we do not find that this evidence constitutes a basis for granting the appellant's petition for review. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (explaining that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

interferes with his ability to remain free from retaliation, and impacts his attempts to obtain relief in his own complaints.[4]  *Compare* PFR File, Tab 1 at 2-5, 24-25, *with*, PFR File, Tab 5 at 7-8, 24-25.  The Board has already addressed these arguments in its order denying Commander Dowling's first motion to intervene. PFR File, Tab 4 at 3-4.  As Commander Dowling has offered no additional basis for granting his second motion to intervene, we discern no reason to disturb our previous ruling denying his request.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[4] The appellant also attached to his petition for review documentation related to Commander Dowling's various complaints with components of the Department of Defense regarding claims of retaliation for reporting USERRA violations.  PFR File, Tab 5 at 36-262.  As an initial matter, we offer no opinion regarding the validity of Commander Dowling's complaints.  Nonetheless, because the appellant has not explained how these documents are relevant to the issues on appeal, they do not serve as a basis for disturbing the initial decision.  *Russo*, 3 M.S.P.R. at 349 (stating that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.